# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH
## NO. 02-17-00308-CR
## NO. 02-17-00309-CR



ISSAC JOSEPH PANTOJA                             APPELLANT

V.

THE STATE OF TEXAS                                    STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
## TRIAL COURT NOS. 1473898D, 1511029D

----------

## MEMORANDUM OPINION[1]

----------

On September 12, 2017, as part of two plea-bargain agreements, appellant Issac Joseph Pantoja pleaded guilty to (1) the state-jail-felony offense of theft of property valued at less than $2,500 with two prior theft convictions and (2) the third-degree-felony offense of failure to comply with sexual-offender-registration requirements. Tex. Penal Code Ann. § 31.03(a), (e)(4)(D) (West

---

[1]*See* Tex. R. App. P. 47.4.

Supp. 2016); Tex. Code Crim. Proc. Ann. art. 62.102(a), (b)(2) (West Supp. 2016). As part of his guilty-plea waivers, Appellant waived "any and all rights of appeal in this case." In accordance with the agreements, the trial court sentenced Appellant to six months' confinement and two years' confinement, respectively, to run concurrently. The trial court certified that Appellant had no right to appeal because the imposed sentences did not exceed the punishments recommended in the plea-bargain agreements and because Appellant had affirmatively waived his right to appeal as part of his guilty pleas. *See* Tex. R. App. P. 25.2(a)(2); *see also* Tex. Code Crim. Proc. Ann. art. 1.14(a) (West 2005).

On September 29, Appellant filed pro se notices of appeal in the trial court. *See* Tex. R. App. P. 25.2(b), 26.2(a). On October 5, we notified Appellant's court-appointed trial counsel that Appellant had filed pro se notices of appeal, that the trial court had certified that Appellant had no right to appeal and had waived his right to appeal, and that we would dismiss the appeal unless Appellant or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal no later than October 16. *See* Tex. R. App. P. 25.2(d), 44.3. We received no response.

The record before this court does not show that Appellant's sentences exceeded the State's recommendations, that Appellant desires to appeal a matter that was raised by written motion filed and ruled on before trial, or that the trial court granted Appellant permission to appeal. *See* Tex. Code Crim. Proc. Ann. art. 44.02; Tex. R. App. P. 25.2(a)(2). Thus, in accordance with the trial

court's certifications and Appellant's waivers of his right to appeal, we dismiss the appeals.  *See* Tex. R. App. P. 25.2(d), 43.2(f); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  GABRIEL, KERR, and PITTMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 26, 2017